## In re O'BRIEN.

### Patent Appeal No. 2945.

Court of Customs and Patent Appeals.
April 4, 1932.

Paul, Paul & Moore, of Minneapolis, Minn. (James T. Newton, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, rejecting, for want of patentability in view of the prior art, claims 18, 20, 26, and 27 of appellant's application, the remaining claims having been allowed.

Upon argument before us, appellant's counsel announced that the appeal as to claims 20 and 27 would be abandoned, and that the appeal would be limited to claims 18 and 26, which read as follows:

"18. A towel holder comprising a casing having a chamber for the clean towel, feed rolls mounted therein, the towel being adapted to depend from said chamber in position to be grasped and pulled by the user, a friction roll mounted to press the depending web of the towel against a feed roll and insure a frictional contact between them so that downward pull on the towel will revolve said rolls, a device for locking said feed rolls and preventing delivery of the towel, means permanently attached to said device and extending outside the towel holder adapted to be actuated by the user for moving said device to its release position, said device being adapted when in its release position to be automatically returned to its locking position when said feed rolls are revolved."

"26. A towel holder comprising a support for a clean towel, a feed roll actuatable by a pull of the user on the towel, and feed limiting devices comprising a lug extending beyond the periphery of said roll, a pivoted forked member with the prongs of the fork embracing the periphery of said feed roll and having the end of one prong of the fork normally in the path of said lug and between the pivot of said forked member and said lug, means permanently attached to said device and extending outside the towel holder actuatable by the user of the towel for moving the locked end of the locking prong to its released position away from the periphery of said roll and out of the path of said lug, the end of the other prong of the fork being simultaneously moved towards the periphery of the roll and into the path of said lug but beyond the lug from the pivot of said forked member, whereby, a continued movement of said lug will move the locking prong of said pivoted member towards the periphery of said roll and into the path of the lug to lock it and said feed roll."

The references relied upon are: Clawson, 807,722, December 19, 1905; Shattuck, 1,092,405, April 7, 1914.

The alleged invention relates to towel cabinets, and is sufficiently described in the claims.

The patent to Clawson relates to a coin controlled apparatus, used with a cabinet, for delivering a certain amount of clean toweling from a roll when a coin is deposited.

The patent to Shattuck relates to a towel cabinet, and was cited merely to show a roll for pressing a towel against a feed roll.

Appellant concedes that Shattuck is a valid reference for that part of the claims relating to the location of the feed rolls, but contends that invention lies in the latter part of the claims, relating to the device for locking the feed rolls and preventing delivery of the towel.

The Patent Office tribunals held that there would be no invention in omitting the coin control feature of Clawson and making the changes necessary to operate the device manually, without the use of a coin, in the manner that appellant has done.

Appellant in his specification states:

"The object of my invention is to provide a towel cabinet in which the delivery of the towel is prevented by a locking means which may or may not be controlled by the deposit of a coin, as preferred, the locking means when released allowing a predetermined length of the toweling to be delivered before the mechanism again becomes locked to check further delivery. * * *

"The operation of the push rod 23 may, of course, be regulated by the deposit of a coin in the casing. Such mechanism, however, would form no part of this invention and I do not illustrate it or claim it herein."

Appellant further contends that he has provided a chain upon which there is a lug, which chain and lug directly pass around his roll 13, thereby dispensing with a great deal of mechanism shown in the Clawson patent, and that this constitutes invention.

However, the claims here in issue do not specify this feature, and therefore it cannot be considered.

We are in accord with the conclusion reached by the Board of Appeals, and its decision is affirmed.

Affirmed.